IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PROGRESSIVE NORTHERN INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. 3:10-CV-214 |
| RALPH G. SALATA, JR., et al., | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on: (1) Progressive's Motion
for Summary Judgment, filed on January 31, 2011; and (2) Motion to
Strike, also filed by Progressive, on March 21, 2011.  For the
reasons set forth below, Progressive's motion for summary judgment
is **GRANTED** and its motion to strike is **DENIED as moot.**
Accordingly, this case is dismissed.


BACKGROUND

In 2006, a hit and run driver was involved in an accident with
Defendants, Ralph G. Salata Jr. and Karen C. Salata (jointly
referred to as "Salatas"), while they were riding a motorcycle
insured by Plaintiff, Progressive Northern Insurance Company
("Progressive").  The Salatas were injured in the accident, but
never recovered against either the owner or driver of the vehicle

that struck them.  As a result, Progressive claims that the Salatas cannot recover any damages under the underinsured/uninsured motorist provision contained in their Progressive insurance policy.

On May 25, 2010, Progressive filed this declaratory judgment against the Salatas to determine whether Progressive is obligated to provide insurance coverage.  The Salatas have filed a counterclaim alleging that Progressive breached its contractual obligations under the insurance policy.


DISCUSSION

Motion for Summary Judgment

Summary Judgment Standard

The standards that generally govern summary judgment motions are familiar.  Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant.

*Anderson*, 477 U.S. at 255; *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993).

Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate.


Facts[1]

On July 16, 2006, the Salatas were riding their motorcycle in South Bend, Indiana. Witnesses stated that a gray pick-up truck turned in front of the Salatas on Huey Street and caused them to wreck their motorcycle. The driver of the truck continued to drive down Huey Street, parked the truck in front of 805 N. Huey, then fled the vehicle on foot.

When the police arrived, they created an Indiana Standard Crash Report that identified the accident, and that Paul Mapes was the registered owner of the truck involved in the accident. The report did not identify the driver of the truck. After further investigation, Officer Anthony Ieraci spoke with Paul Mapes' daughter, Michelle, who stated that she let her friend, Kemba Brown borrow the truck. Michelle reported that when Kemba Brown returned the truck, the right rear corner panel and tailgate were damaged. In addition, Michelle stated that when Kemba Brown returned the truck, she got out of the truck and ran into the house located at 805 N. Huey. Officers created a supplemental crash report detailing this information and identifying Kemba Brown and the

---

[1]Notably, the Salatas do not dispute many of Progressive's facts.

driver involved in the hit and run accident.

Kemba Brown contacted police the next day and made a statement about the crash.   She admitted she was driving the truck, but denied she was responsible for the crash.

The Salatas sustained injuries as a result of the crash. Their motorcycle was covered by a policy of insurance provided by Progressive.   The truck was covered by a policy of insurance provided by GMAC.  On July 21, 2006, the Salatas' insurance agent, Lee Insurance Group, sent Kenneth Sheetz, the Salatas' attorney, a copy of the Indiana Officer's Standard Crash Report.   Progressive directed future correspondence related to the case to Attorney Sheetz.  One such letter was sent on October 16, 2006.  Progressive sent GMAC Insurance a notice of its subrogation rights, which Progressive also sent to Attorney Sheetz.   Progressive had paid a portion of the Salatas' medical bills and turned to the truck's insurer, GMAC, for reimbursement.   The letter – directed to GMAC – identified Jan Bowman as "Your Insured."

The Salatas filed suit in St. Joseph Circuit Court against Jan Bowman and Paul Mapes on July 15, 2008.  The complaint alleged that Mapes was liable for their injures as owner of the truck and Bowman[2] as the driver.   On April 2, 2009, Attorney Sheetz sent

---

[2]There is a question of how the Salatas came to believe that Bowman was the driver of the vehicle.  In a state court filing, the Salatas claimed that they received this information from the South Bend Police Department. However, in response to an interrogatory in this case, the Salatas claimed that the letter from Progressive that identified Jan Bowman as the driver [or insured] is what led them to that conclusion.

Progressive a letter acknowledging that there may be an underinsured or uninsured claim on the Salatas' Progressive policy. In the letter, Attorney Sheetz stated that the driver of the truck may not have been either Paul Mapes or Jan Bowman, but may instead have been one of Michelle Mapes' friends.

On June 15, 2009, Paul Mapes and Jan Bowman filed a motion for summary judgment. The St. Joseph Circuit Court granted this motion on October 16, 2009, but allowed the Salatas 90 days to add any necessary parties. On this same day, Attorney Sheetz sent Progressive a letter confirming that his clients' injures were inflicted by an uninsured motorist. However, the Salatas failed to name any additional parties within the 90 day period and the court dismissed their claims altogether.

The Salatas now seek to have Progressive pay for their injuries under the uninsured motorist clause. That clause requires Progressive to pay for damages that the Salatas "are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury." The policy also provides that Progressive will only pay amounts under the uninsured motorist coverage provisions if "all applicable bodily injury liability bonds and policies have been exhausted by payment of judgments or settlements."

Progressive argues that it is not obligated to pay the Salatas under either the underinsured or uninsured motorist provisions of

the insurance policy because the Salatas are not "legally entitled" to recover against any underinsured or uninsured motorist. In addition, Progressive argues that, even if the Salatas were deemed "legally entitled" to recover against an uninsured motorist, the Salatas could not recover under the Progressive insurance policy until the GMAC insurance policy on the truck was exhausted.

> Progressive is not obligated to pay uninsured
> motorist benefits to the Salatas under the insurance
> policy's uninsured motorist provision because the Salatas
> <u>are not legally entitled to recover from an uninsured motorist</u>

The determination of whether Progressive is obligated to pay the Salatas under the uninsured motorist provision requires an interpretation of the insurance policy Progressive issued to the Salatas. The interpretation of an insurance policy is generally a question of law appropriate for summary judgment. *Liberty Mut. Ins. Co. v. Michigan Mut. Ins. Co.*, 891 N.E.2d 99 (Ind. Ct. App. 2008). As an insurance policy is reviewed under the same interpretation as other contracts, if the language of the policy is clear and unambiguous, then this Court will apply the plain and ordinary meaning. *Id.*

Here, the uninsured motorist provision states that, Progressive will pay for damages "which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle . . .."

Indiana law holds that "legally entitled to recover" requires that the insured "establish fault on the part of the uninsured motorist, and establish the amount of his or her damages." *Cincinnati Ins. Co. v. Trosky*, 918 N.E.2d 1, 9 (Ind. Ct. App. 2009), *trans. denied* April 1, 2010.

The Salatas are not legally entitled to recover from Mapes. The St. Joseph Circuit Court has granted summary judgment in his favor. In addition, the Salatas re not legally entitled to recover from Brown either. The statute of limitations has run, Ind. Code section 34-11-2-4, and the Salatas never named Brown in their original lawsuit in St. Joseph Circuit Court - even when they were given 90 days to do so after granting summary judgment to Mapes. The Salatas do not argue to the contrary. Because the Salatas are not legally entitled to recover from an uninsured motorist, Progressive is not required to pay under the uninsured motorist provision of the insurance policy.[3]

The Salatas attempt to escape this conclusion by arguing that Progressive did nothing to let them know that Brown was driving the truck that collided with them in 2006. Although the Salatas generally complain about Progressive's conduct, the Salatas do not specify how Progressive could be legally liable under the insurance

---

[3]This is not the only reason that the Salatas could not collect under this provision. The Salatas cannot turn to Progressive for uninsured coverage until the insurance on the truck is exhausted. Thus, even if the Salatas were legally entitled to recover from Brown, they still haven't met the conditions necessary to qualify for payment under Progressive's policy.

contract.  The Salatas claim -without any articulation - that Progressive's failure to inform them of the fact that Brown was driving the truck makes them somehow liable under the insurance contract.  The Salatas' contentions, without any supporting argument, case citation or development, is not persuasive. Moreover, this Court declines to speculate and construct their potential arguments.  It is not this Court's job to sift the record and make the parties' arguments for them.  See, e.g. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs, hunting for truffles buried in" the record).

Thee Salatas point out that Progressive forwarded the initial crash report to them, which did not contain the name of Brown. But, Progressive did not forward the supplemental report, which named Brown as the driver.  Moreover, the Salatas claim Progressive misled them when Progressive mailed GMAC a letter, which denoted Jan Bowman as GMAC's insured.  The Salatas' attorney was forwarded a copy of that letter.  These things, the Salatas argue, explain why they did not name Brown as the driver in the St. Joseph Circuit lawsuit against Mapes.  However, by their own admission, as of September 1, 2009, the Salatas knew that the supplemental crash report named Brown as the driver.  (Response, p. 5).  On October 16, 2009, the St. Joseph Circuit Court gave the Salatas 90 days to join any necessary parties to the lawsuit.  Despite this, the Salatas never named Brown and the entire case was dismissed.  Thus,

the Salatas knew of Brown's involvement in time to name her in the state court litigation.  They failed to do so.  Thus, it is hard to fathom how Progressive breached the terms of, or its duties associated with, the insurance policy.


Motion to Strike

     Progressive argues that the Salatas have designated a number of inadmissible documents in response to its summary judgment motion.  However, because the presence of this evidence is without consequence, there is no need to determine if it should be stricken.


CONCLUSION

     For the reasons set forth above, Progressive's motion for summary judgment is **GRANTED** and its motion to strike is **DENIED as moot.**  Accordingly, this case is dismissed.



DATED:  August 26, 2011                    /s/RUDY LOZANO, Judge
                                           **United States District Court**